IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED
MAR 14 2002
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

MARY JANE CARRINGTON and )
PHILLIP CARRINGTON, )
 )
Plaintiffs, )
 )
v. ) Case No.: CV-02-PT-0300-E
 )
PREMIERE TOYOTA, INC., AMSOUTH )
BANK, REGIONS BANK, LAWRENCE )
WAPPLES, DEPRESS JOHNSON, )
EQUIFAX AND TRANS UNION, )
 )
Defendants. )

ENTERED
MAR 14 2002

## MEMORANDUM OPINION

This cause comes to be heard on defendant Regions Bank's ("Regions") Motion to Dismiss filed on February 13, 2002, converted to a Motion for Summary Judgement by Order entered February 14, 2002.

### FACTS

In 2000, defendant Depress Johnson ("Johnson") entered into an installment loan contract negotiation with defendant Lawrence Wapples ("Wapples"), a salesman for defendant Premier Toyota, Inc. ("PTI"). During these negotiations Johnson used an alias, Phillip Carrington. Under the name Phillip Carrington, Johnson purchased a 1998 Ford Expedition from PTI. Johnson forged plaintiff Phillip Carrington's name on the Fixed Rate Installment Sales and Security Agreement without the plaintiff's knowledge or consent.

In May of 2001, Johnson entered into another installment loan contract negotiation with Wapples. Once again, Johnson used the alias Phillip Carrington during these negotiations. Using plaintiff Phillip Carrington's name, Johnson purchased a 1999 Chevrolet Silverado S1500

19

from PTI. Johnson signed plaintiff Phillip Carrington's name on the Fixed Rate Installment Sales and Security Agreement.

On January 14, 2002, plaintiffs Mary Jane Carrington and Phillip Carrington filed a civil action in the Circuit Court of Talladega County, Alabama, against defendants PTI, Regions, AmSouth Bank ("AmSouth"), Wapples, Johnson, Equifax, and TransUnion. In Count I, plaintiffs allege that defendant Wapples, PTI, Regions, and AmSouth were negligent in allowing Johnson to forge plaintiff's name. In Count II, plaintiffs allege that Wapples, PTI, AmSouth, and Regions were wanton in allowing Johnson to forge plaintiff's name to the installment loan agreements. In Count III, plaintiffs allege that Wapples was PTI's agent during the alleged negotiations and, thus, PTI is liable for Wapples' negligent conduct. In Count IV, plaintiffs allege that PTI was negligent and wanton in hiring and training Wapples. They also claim that Regions negligently and/or wantonly financed the 1998 Ford Expedition purchased by Johnson. Furthermore, they claim that AmSouth negligently and/or wantonly financed the 1999 Chevrolet Silverado S1500 purchased by Johnson. In Count V, plaintiffs allege that Wapples and Johnson conspired to misrepresent plaintiff's signature and that Regions and AmSouth acted in concert by failing to secure proper identification. In Count VII, plaintiffs allege that TransUnion and Equifax failed to comply with the Fair Credit Reporting Act by failing to make a timely and thorough investigation after notification.

On February 5, 2002, defendants PTI and Wapples removed the civil action to this court pursuant to 28 U.S.C. §§ 1331, 1446. On February 13, 2002, Regions filed a Motion to Dismiss the complaint.

## ARGUMENTS

Regions argues that pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,

Counts I, II, IV, and VI are due to be dismissed. Addressing Count I, Regions notes that the plaintiffs allege in the Complaint that it acted negligently "in allowing Depress Johnson to forge or otherwise use plaintiff's name, and thereby ostensibly [to] make plaintiff a party to an installment loan agreement . . . ." It also notes that the *ad damnum* clause seeks judgment for "plaintiffs." However, Regions asserts that nothing in the Complaint suggests that Mary Carrington's name was forged on any document. It states that nothing in the Complaint describes any damage inflicted on Mary Carrington. Thus, it claims that to the extent Mary Carrington seeks to allege a claim against it in Count I, that claim is do to be dismissed.

Furthermore, it argues that the Complaint does not allege facts in Count I that would indicate that it owed a duty to prevent Johnson from forging Phillip Carrington's name on a contract between Johnson and PTI.[1] Regions asserts that it purchased the Fixed Rate Installment Sales and Security Agreement from PTI. It states that prior to purchasing said agreement, it reviewed the credit sale/lease application. However, it declares that it did not directly deal with the purchaser (Johnson) of the Ford Expedition covered by the agreement. Thus, it argues that it did not owe the plaintiffs a duty to prevent Johnson from forging Phillip Carrington's signature.

Turning to Count II, Regions argues that the Complaint does not indicate that it did anything wrong to Mary Carrington and that her claim is due to be dismissed. Additionally, it contends that Phillip Carrington has failed to allege any facts to support the argument that it wantonly allowed Johnson to forge his name on a contract between Johnson and PTI.

Regions also argues that Count IV is due to be dismissed. It notes that the plaintiffs have alleged that it negligently and/or wantonly financed the 1998 Ford Expedition purchased by

---

[1] According to Regions, it could not locate any reported cases discussing whether a bank has a legal duty to prevent persons from forging the names of others on retail installment contracts that the bank may purchase.

3

Johnson in the name of Phillip Carrington from PTI. It also notes that the plaintiffs have alleged that it owed a duty to the plaintiffs to insure that the proper party signed the contract. Despite these allegations, Regions claims that Mary Carrington's claims are due to be dismissed because no facts are alleged in the Complaint that support the argument that Regions breached a duty to Mary Carrington or harmed her in any way. Furthermore, it argues that Count IV fails to allege any facts to support the argument that it was under a legal obligation to prevent Johnson from forging Phillip Carrington's name on a contract between Johnson and PTI.

Finally, Regions argues that Count VI is due to be dismissed. Noting that Count VI alleges conspiracy, Regions contends that the claim must fail because it owed no duty to the plaintiffs. It states that a conspiracy cannot exist in the absence of an underlying tort: "[L]iability for civil conspiracy rests upon the existence of an underlying wrong and if the underlying wrong provides no cause of action, then neither does the conspiracy." *Jones v. BP Oil Co.*, 632 So. 2d 435, 439 (Ala. 1993).

In response, plaintiffs argue that Count I and IV are not due to be dismissed as to Mary Carrington's claim because she suffered injury derivative of the injury to her husband's credit rating. According to the plaintiffs, Mary Carrington suffered the consequences of not being able to obtain financing to have repair and improvements done to the Carrington's home. Furthermore, plaintiffs argue that Regions breached its duty when it placed negative credit information on Phillip Carrington's credit report after failing to make sure the information was accurate and correct. The plaintiffs claim that Regions had a duty of reasonable care to inspect and to prevent forgeries on installment loan contracts. *See* Rule 3623(a)(1)(A) of the Fair Credit Reporting Act. Finally, plaintiffs argue that the motion should be denied because no discovery has been conducted in the case. In fact, plaintiffs note that at the time Regions filed the motion,

not all the named defendants had even filed their Answers to the Complaint.

Regions makes two arguments in reply. First, it contends that its motion should be granted because the plaintiffs have failed to submit any authority to support the argument that a bank has a duty to prevent forgeries on instruments that the bank purchases. Second, it claims that plaintiffs' argument raised in its response that Regions owed a duty to report accurate information to a credit agency was not raised as an allegation in the Complaint. It contends that plaintiffs only alleged that Regions failed to prevent a forgery in the Complaint. Even if this allegation was considered by the court, Regions claims that it is meritless and fails to state a claim upon which relief can be granted. In support of this proposition, Regions notes that the Alabama Supreme Court has stated that "it appears that such a report to a credit agency is generally held to be qualifiedly privileged, *i.e.*, not actionable if made in good faith by a party having an interest in the matter to another having a corresponding interest." *Liberty Loan Corp. v. Mizell*, 410 So. 2d 45, 50 (Ala. 1982). Furthermore, Regions contends that the Fair Credit Reporting Act would bar this action:

> Except as provided in Sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to Section 1681g, 1681h, or 1681m of this title . . . except as to false information furnished with malice or willful intent to injure such customer.

15 U.S.C. § 1681(h).

## ANALYSIS

Rule 12(b)(6) tests the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the court assumes that all factual allegations pled in the complaint are true. *United States v. Gaubert*, 499 U.S. 315, 327 (1991). All factual allegations are to be construed

in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989). Usually, a complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that will entitle him to relief. *In re Johannessen*, 76 F.3d 347, 349 (11th Cir. 1996).

## CONCLUSIONS OF THE COURT

(1) Any purported claim(s) that Regions allowed Johnson to forge Carrington's name will be dismissed. Plaintiff(s) will have ten days leave to amend, if they can do so in good faith, to allege that Regions somehow participated in or authorized the acceptance of the forged name at the time it was placed on the document. Plaintiff(s) should consider Rule 11.

(2) All claims of Mary Carrington will be dismissed unless, within ten days, plaintiff(s) can provide the court with controlling authority to the effect that spouses can make such claim(s) based upon alleged injury to the credit of other spouses. Any such assertions should include specific quotes. Regions may reply in seven days.

(3) The court will dismiss any conspiracy claims against Regions. If plaintiff(s) can, in good faith, allege that Regions was a party to an unlawful agreement to allow such forgeries, they may amend within ten days.

The Eleventh Circuit has criticized blanket, shotgun pleadings and the plaintiff(s) should be specific as to what claim(s) are being made against what defendant and should make such claim(s) only if there is authority for doing so. The court notes that plaintiff(s) have not cited any cases to support their positions.

The court has not addressed any purported claims not made in the complaint. Before seeking to amend, plaintiff(s) should consider 15 U.S.C. § 1681h(e).


This __14th__ day of March 2002.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**